IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20398
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MOISES TREJO

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-724-ALL
--------------------
January 24, 2003

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Moises Trejo appeals his sentence following his guilty-plea conviction for being an alien unlawfully found in the United States after deportation, a violation of 8 U.S.C. § 1326. Trejo first argues that his prior felony conviction for possession of a controlled substance did not merit the eight-level adjustment under U.S.S.G. § 2L1.2(b)(1)(C) for an aggravated felony and that he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other felony." Trejo's arguments

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding the definitions of "drug trafficking offense" and "aggravated felony" were recently foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002). The district court thus did not err in assessing an eight-level adjustment, pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Id.

Trejo also argues that the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional. He acknowledges that his argument is foreclosed by the decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Apprendi did not overrule Almendarez-Torres. Apprendi, 530 U.S. at 489-90, 496; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.